

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann

XXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Gaynor Kendall
State Board of Education
Austin, Texas

Dear Sir:

Opinion No. O-705
Re: Collectability of 6% interest
on delinquent interest coupons of
municipal bonds belonging to the
Permanent Free School Fund.

Under date of April 26, 1939, you submit for the opinion of this department the following question:

"The City of Brownsville, Texas, is in default on interest coupons attached to bonds belonging to the Permanent Free School Fund. The City Manager challenges the authority of the State to collect 6% interest on delinquent interest coupons due the school fund.

"A previous Attorney General advised that defaulted coupons owing to the State School Fund bear 6% interest on delinquent interest has been charged and collected by the State Treasurer on delinquent interest on municipal bonds. Mr. Runyon, City Manager of the City of Brownsville, has asked that we inquire as to your opinion in the matter. Will you please advise whether 6% interest on delinquent interest should be charged and collected on behalf of the school fund?"

A particular description of the municipal bonds in question as to maturities, interest rates, etc., is not embodied in your letter, nor do we deem such information necessary. Your inquiry does not involve the collectability of interest upon the principal amount of the bonds upon maturity, but rather the collectability of interest upon interest coupons after maturity thereof.

In answering this question, we shall assume as correct, information which we have obtained independent of your letter, to the effect that the interest coupons in question contain no provisions within themselves for the payment of interest at a fixed rate after the maturity of such coupons. This is the determinative fact rather than the rate of interest which the principal obligation bears.

Under date of February 9, 1931, Honorable Moore Lynn, then State Auditor, submitted for the opinion of this Department the following question:

"The permanent school funds of the State are holding a large amount of bonds of cities, counties, and districts. In some cases the interest is not paid when due and in other cases the principal remains unpaid after the due date.

"(1) When an interest coupon is not paid on the due date, after demand is made, and the coupon contains no stipulation as to interest after maturity thereof, has the Treasurer a right to demand, and is it his duty to demand, that the city, county or district pay interest on the past due payment after its maturity, and if so, at what rate should the interest be computed?"

In a well-considered opinion, amply supported by authorities, Assistant Attorney General Scott Gaines ruled as follows:

"Answering your inquiry No. 1, it is the opinion of the writer that the State Treasurer not only has the right to demand, but it is his duty to require and demand interest to be paid on past due interest coupons on all municipal securities held and owned by the permanent fund, after presentation, demand and refusal has been made by any city, county or district from whom said indebtedness is due, said interest to be computed at the legal rate of six per centum per annum from the date of maturity of said interest installment for which said coupon was given. This would be the case in the event provision is not made in the coupon for payment of interest thereon after maturity thereof."

To the same effect is an opinion by Assistant Attorney General Whitehurst to Gregory Hatcher, of date February 7, 1930, and an opinion by Assistant Attorney General Victor Bouldin directed to Judge Simpson, State Auditor, some time during 1935. The records of this office do not reveal any opinion holding to the contrary.

An independent research by this Department upon receipt of your inquiry convinces us that the three opinions adverted to announce the correct rule of law upon this subject, and in view of the full and able discussion of the statutes and authorities therein, we do not deem it either advisable or necessary to further elaborate thereon in this opinion. It appearing that you

Hon. Gaynor Kendall, page 3   (O-705)


have copies of these opinions in your files, it will suffice
to refer you thereto for guidance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.

Pat M. Neff, Jr., Assistant

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY        GRL, CHAIRMAN

PMN:PBP:wb